## TWEED v. HUDSON RIVER TELEPHONE CO.

(Supreme Court, Appellate Division, Second Department.  January 8, 1909.)

1. MASTER AND SERVANT (§ 141*)—INJURIES TO SERVANT—NEGLIGENCE—ERROR IN JUDGMENT.

That the foreman of a telephone construction crew may have erred in judgment in directing a splice of a messenger wire to be made midway between the poles instead of at or near one of the poles, whereupon it parted and permitted a workman to fall to the ground, in the absence of evidence that experience had demonstrated the unsafety of such construction, so that the telephone company should have made regulations as to it, does not constitute actionable negligence as against the telephone company.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 283; Dec. Dig. § 141.*]

2. MASTER AND SERVANT (§ 107*)—INJURIES TO SERVANT—SAFE PLACE IN WHICH TO WORK.

Where it does not appear that the two-clamp splice of a messenger wire, which parted and permitted a telephone workman to fall to the ground, if properly made, was not a safe splice, or any less safe than a three-clamp splice, or that such an accident had ever happened before from the use of a two-clamp splice, and the telephone company furnished all necessary materials for making splices, and the workman was experienced and as competent to judge as any other person as to the security of the two-clamp splice, the company disregarded no duty, in changing the method of splicing from the three-clamp splice to a two-clamp splice, which would render it liable for the injuries sustained.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 107.*]

3. MASTER AND SERVANT (§ 102*)—INJURIES TO SERVANT—SAFE PLACE IN WHICH TO WORK.

A safe place in which to work does not require the master to superintend each step of the work of construction to see that at all times the employé has preserved the conditions of safety.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 102.*]

Appeal from Trial Term, Orange County.

Action by Samuel M. Tweed against the Hudson River Telephone Company.  From a judgment for plaintiff, and an order denying a new trial, defendant appeals.  Reversed.

Argued before WOODWARD, JENKS, GAYNOR, and MILLER, JJ.

Murray Downs, for appellant.

Henry Kohl, for respondent.

WOODWARD, J.  The plaintiff in this action was employed as a lineman in the construction of a new telephone line.  He was engaged

---

with six or seven others, and the work consisted of erecting the poles and then stringing what was known as a "messenger wire," which is the preliminary cable stretched from pole to pole, and subsequently supplied with loops or hooks, to which are attached the telephone wires or cables. The plaintiff's particular duties, after this messenger wire was strung, were to climb a pole, attach himself to this messenger wire by means of a safety strap, and to propel himself along the same for the purpose of attaching the loops or hooks. On the 13th day of February, 1907, while engaged in this work, the cable on which he was suspended in mid-air parted at a splice about halfway between the poles, and the plaintiff fell to the ground, sustaining more or less serious injuries. The plaintiff, in company with a fellow employé, under the direction of the foreman of the working crew, had made the splice which parted, soon after dinner on the day of the accident. He had been up one of the poles and worked his way down to the splice without trouble, had then gone back and up the next pole, and had reached a point near the splice from that direction, when the fastening pulled out in some way, and the accident resulted.

There is no claim under the employer's liability act (Laws 1902, p. 1748, c. 600); no suggestion in the pleadings that the foreman or any of the fellow laborers were not competent and reliable men for this work; and it is not claimed that the defendant did not supply a sufficient number of clamps, bolts, etc., for the purpose of making the splice in the cable where one cable came to an end and it was necessary to attach a new one. The plaintiff himself testified that all of these supplies were at hand, and the only claim of negligence appears to be that the defendant had changed the method of splicing from a three-clamp splice to a two-clamp splice, and that it had permitted its foreman to direct that the splice should be made between the poles, instead of at or near a pole; it being claimed that the strain would be greater at the intermediate point than at or near one of the poles. But there was no evidence in the case, so far as we discover, that the defendant had provided for making the splice at the particular point. It was engaged in the work of constructing a telephone line. It was necessary, and an incidental part of such construction, that the cable should be spliced at the end of each length of cable, and the plaintiff himself had helped in making such splices on the very day of the accident, besides the one where he was injured. This work the defendant had intrusted to a competent foreman, with competent helpers, and the fact that the foreman may have erred in judgment in directing the splice to be made midway between the poles, instead of at or near one of the poles, in the absence of evidence that experience had demonstrated the unsafety of such construction, so that the defendant should have made regulations about it, does not constitute actionable negligence as against the defendant.

This leaves the only question of negligence to depend upon the question of whether the defendant disregarded any duty in changing from the three-clamp splice to the two-clamp splice, and in this regard the evidence fails to show that a two-clamp splice, properly made, was not a proper and safe splice, or that it was any less safe than the other

one.  It appears that just such splices had been made by the defendant before; that it had, through the plaintiff and others, made just such splices on the very day of the accident; and that no dangers resulted.  The plaintiff was a man of three years of experience in this kind of work.  He testified that he knew about these splices, knew how they were made, and had made them himself, and that there was plenty of material furnished by the defendant for making such splices.  There is no evidence that such an accident ever happened before from the use of the two-clamp splice, or that any one of reasonable judgment had ever suggested that there was any danger from the use of the splicing materials furnished by the defendant; and it is impossible to read this record without coming to the conclusion that the jury simply concluded that the fact that this splice did pull apart and injure the plaintiff entitled him to recover, for there is clearly no point at which the defendant is shown to have neglected any duty which it owed to the plaintiff.  It might as well be said that a carpenter who found it necessary to splice a stick of timber, and who was supplied with all of the materials necessary to make a safe splice, could recover because of a break in such splice resulting from his own failure to properly do the work, or from an error in judgment on the part of a foreman on the work.

The law does not make an employer an insurer.  It calls upon an employé to use his own intelligence in carrying out the details of the work in which he is engaged; and where the master has supplied all necessary materials—and here there is no suggestion of defect in the materials provided—and has provided a reasonably safe place in which to perform the duties, there is no liability for the mere error of judgment on the part of a foreman in making suggestions as to a detail of the work, unless the case is brought within the provisions of the employer's liability act.  And a safe place in which to perform the services does not require the master to superintend each step of the work of construction, to see that at all times the employé has preserved the conditions of safety.  The work in which the plaintiff was engaged was obviously a dangerous one.  He was suspended high in the air upon a single seven-wire cable.  He knew that his safety depended upon the splice.  He knew this just as well as the master could have known it.  He knew the added danger, if there was added danger, in making the splice midway between the poles; and he was likewise as competent to judge as any other man, exercising reasonable care, as to the security of the two-clamp splice.

The judgment and order appealed from should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event.  All concur.